MCKOOL SMITH P.C.
Peter S. Goodman
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

- and –

MCKOOL SMITH P.C.
Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 Case No. |
| **BEARINGPOINT, INC., et al.,** | 09 - 10691 (REG) |
| Debtors. | (Jointly Administered) |
| | |
| JOHN DeGROOTE SERVICES, LLC, | |
| Plaintiff | |
| vs. | Adversary No. _____ |
| IGATE MASTECH INC | |
| Defendant. | |

# AMENDED[1] COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

John DeGroote Services, LLC, in its capacity as Liquidating Trustee of the BearingPoint, Inc. Liquidating Trust (the "Liquidating Trustee"), files this Amended Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550, and in support thereof asserts as follows.

## JURISDICTION AND VENUE

1.  This adversary proceeding arises in the jointly-administered chapter 11 cases of the above-referenced Debtors now pending in this Court (the "Bankruptcy Cases").

2.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547 and 550.

3.  Venue of this adversary proceeding lies in the Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 1409.

4.  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(F). This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## PARTIES

5.  On February 18, 2009, BearingPoint Inc. ("BearingPoint") and certain of its affiliated subsidiaries (collectively with BearingPoint, the "Debtors") filed voluntary petitions for relief under Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), jointly administered under Case No. 09-10691 (REG).

---

[1] Amended to correct glitch in paragraph 13 created when document was converted to PDF format.

6. By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "Plan"). The Plan has become effective by its terms.

7. Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("Trust Agreement"). Pursuant to the Trust Agreement and the Plan, John DeGroote Services, LLC was appointed Liquidating Trustee of the Liquidating Trust.

8. Pursuant to Article 5.7 of the Plan, the Debtors' avoidance actions under Chapter 5 of the Bankruptcy Code were transferred to the Liquidating Trust. Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Trustee is authorized to enforce, prosecute, settle or compromise any and all such claims.

9. Accordingly, the Liquidating Trust owns, and the Liquidating Trustee is entitled to prosecute the claims asserted in this lawsuit.

10. John DeGroote Services, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 100 Crescent Court, Suite 700, Dallas, Texas, 75201.

11. Defendant is a corporation organized under the laws of Pennsylvania with its principal place of business at 1000 Commerce Drive, Suite 500, Pittsburgh, Pennsylvania 15275. Upon information and belief Defendant sold goods or provided services to the Debtors. Defendant will be served by certified mail addressed to: (i) Steven Shangold, President, iGate Mastech, Inc., 1000 Commerce Drive, Suite 500, Pittsburgh, Pennsylvania 15275, and (ii) Defendant's registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## COUNT I: AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

12. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 to 11 of this Complaint as though they were set forth in this first cause of action.

13. On or within ninety (90) days before the filing of the petition, BearingPoint, Inc., a debtor in the Bankruptcy Cases, made certain transfers to the Defendant totaling $704,279.98 (the "Transfers"). A schedule of the Transfers is annexed hereto as Exhibit "1" an incorporated herein for all purposes.

14. The Transfers constituted transfers of an interest in property of BearingPoint, Inc.

15. At the time the Transfers were made, Defendant was a creditor of BearingPoint, Inc. on account of primarily subcontractor labor and related expenses.

16. The Transfers were made for and on account of an antecedent debt (the "Debt") owed by BearingPoint, Inc. to Defendant for subcontractor labor and related expenses.

17. The Transfers were made for the benefit of Defendant as a creditor of BearingPoint, Inc.

18. At the time of the Transfers, BearingPoint, Inc. was insolvent.

19. The Transfers also enabled Defendant to receive more than Defendant would have received if: (i) the case was administered under chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) such creditor had received payment of the Debt to the extent provided in the Bankruptcy Code. In a Chapter 7 liquidation, Defendant would have received no distribution on account of the Debt.

20. Based on the foregoing, the Transfers constitute avoidable preferences pursuant to 11 U.S.C. § 547, and pursuant to 11 U.S.C. § 550, the Liquidating Trustee may recover $704,279.98 from Defendant plus interest.

21. The Liquidating Trustee has made demand on Defendant for the return of the Transfers by letter, but as of the date of the filing of this adversary proceeding, no monies have been returned.

## **COUNT II: DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(d)**

22. The Liquidating Trustee repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 to 21 of this Complaint as though they were set forth here.

23. As set forth above, property is recoverable from Defendant under 11 U.S.C. § 550 and Defendant is a transferee of a transfer avoidable under 11 U.S.C. § 547. Defendant has not paid the amount or turned over property for which Defendant is liable to the Debtors or the Liquidating Trustee. Accordingly, pursuant to 11 U.S.C. § 502(d), any and all claims filed by the Defendant, including without limitation proofs of claim nos. 572, 573, and 574, must be disallowed. The Liquidating Trustee requests that all claims filed by Defendant be disallowed.

## **PRAYER FOR RELIEF**

Based on the foregoing, the Liquidating Trustee requests that the Court enter a judgment against Defendant for:

(a) avoidance and recovery of the Transfers in the amount of $704,279.98 and for Defendant to pay the Liquidating Trustee the amounts avoided;

(b) pre-judgment interest;

(c) reasonable attorney's fees;

(d) costs of suit;

(e) disallowance of all claims filed by Defendant, including without limitation proofs of claim nos. 572, 573, and 574; and

(f) such other and further relief, both at law and in equity, as the Court may deem just and proper.

Dated: May 28, 2010
       New York, New York

/s/ Peter S. Goodman
Peter S. Goodman
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9200
Facsimile: (212) 402-9444

- and -

MCKOOL SMITH P.C.
Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7304
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

# IGATE MASTECH INC Combined Payment Listing

| Date | Payment # | Payment Type | Payment Amount |
|---|---|---|---|
| 11/25/2008 | 346858.1593 | WIRE | $1,389 |
| 11/25/2008 | 346858.1747 | WIRE | $1,143 |
| 11/25/2008 | 346858.1874 | WIRE | $826 |
| 11/25/2008 | 346858.2002 | WIRE | $7,340 |
| 11/25/2008 | 346858.2041 | WIRE | $4,903 |
| 11/25/2008 | 346858.2042 | WIRE | $866 |
| 11/25/2008 | 346858.552 | WIRE | $26,599 |
| 12/3/2008 | 348439.1593 | WIRE | $3,755 |
| 12/3/2008 | 348439.1747 | WIRE | $8,337 |
| 12/3/2008 | 348439.1874 | WIRE | $24,867 |
| 12/3/2008 | 348439.1942 | WIRE | $10,322 |
| 12/3/2008 | 348439.2002 | WIRE | $3,454 |
| 12/3/2008 | 348439.2068 | WIRE | $4,367 |
| 12/3/2008 | 348439.714 | WIRE | $15,006 |
| 12/9/2008 | 350051.1593 | WIRE | $17,554 |
| 12/9/2008 | 350051.1747 | WIRE | $4,481 |
| 12/9/2008 | 350051.1874 | WIRE | $11,870 |
| 12/9/2008 | 350051.1942 | WIRE | $5,161 |
| 12/9/2008 | 350051.552 | WIRE | $22,113 |
| 12/24/2008 | 354274.1593 | WIRE | $18,439 |
| 12/24/2008 | 354274.1747 | WIRE | $4,168 |
| 12/24/2008 | 354274.1874 | WIRE | $35,859 |
| 12/24/2008 | 354274.1942 | WIRE | $15,482 |
| 12/24/2008 | 354274.2002 | WIRE | $10,794 |
| 12/24/2008 | 354274.552 | WIRE | $20,644 |
| 12/24/2008 | 354274.714 | WIRE | $9,004 |
| 1/6/2009 | 354343.1874 | WIRE | $965 |
| 1/6/2009 | 354343.2002 | WIRE | $10,189 |
| 1/6/2009 | 354343.2144 | WIRE | $5,716 |
| 1/6/2009 | 354343.2568 | WIRE | $20,859 |
| 1/6/2009 | 354343.552 | WIRE | $20,644 |
| 1/6/2009 | 354343.714 | WIRE | $12,005 |
| 1/9/2009 | 356415.1747 | WIRE | $5,011 |
| 1/13/2009 | 356490.1593 | WIRE | $7,822 |
| 1/13/2009 | 356490.1874 | WIRE | $19,433 |
| 1/13/2009 | 356490.2144 | WIRE | $3,573 |
| 1/13/2009 | 356490.2568 | WIRE | $1,124 |
| 1/13/2009 | 356490.714 | WIRE | $3,001 |
| 1/21/2009 | 357159.1874 | WIRE | $6,476 |
| 1/21/2009 | 357159.2002 | WIRE | $4,058 |
| 1/21/2009 | 357159.2144 | WIRE | $2,144 |
| 1/21/2009 | 357159.2568 | WIRE | $5,360 |
| 1/21/2009 | 357159.552 | WIRE | $17,111 |
| 1/23/2009 | 357180.1748 | WIRE | $2,565 |
| 1/23/2009 | 357180.1874 | WIRE | $9,821 |
| 1/23/2009 | 357180.2002 | WIRE | $3,281 |
| 1/23/2009 | 357180.2144 | WIRE | $3,394 |
| 1/23/2009 | 357180.552 | WIRE | $10,825 |
| 1/23/2009 | 357180.714 | WIRE | $6,845 |
| 1/27/2009 | 358387.1748 | WIRE | $5,626 |
| 1/27/2009 | 358387.1874 | WIRE | $9,204 |
| 1/27/2009 | 358387.2002 | WIRE | $6,217 |
| 1/27/2009 | 358387.2144 | WIRE | $3,573 |
| 1/27/2009 | 358387.2174 | WIRE | $7,410 |
| 1/27/2009 | 358387.2568 | WIRE | $3,990 |
| 1/27/2009 | 358387.714 | WIRE | $6,003 |
| 1/30/2009 | 359789.1748 | WIRE | $4,538 |
| 1/30/2009 | 359789.1874 | WIRE | $11,668 |
| 1/30/2009 | 359789.2144 | WIRE | $3,394 |
| 1/30/2009 | 359789.2174 | WIRE | $6,821 |
| 1/30/2009 | 359789.2568 | WIRE | $2,680 |
| 1/30/2009 | 359789.552 | WIRE | $26,301 |
| 1/30/2009 | 359789.714 | WIRE | $6,845 |
| 2/6/2009 | 360840.1748 | WIRE | $525 |
| 2/6/2009 | 360840.1874 | WIRE | $12,104 |
| 2/6/2009 | 360840.2002 | WIRE | $7,944 |
| 2/6/2009 | 360840.2144 | WIRE | $10,540 |
| 2/6/2009 | 360840.2174 | WIRE | $19,745 |

EXHIBIT 1

# IGATE MASTECH INC Combined Payment Listing

| Date | Payment # | Payment Type | Payment Amount |
|---|---|---|---|
| 2/6/2009 | 360840.552 | WIRE | $6,412 |
| 2/6/2009 | 360840.714 | WIRE | $6,845 |
| 2/13/2009 | 362370.1691 | WIRE | $3,772 |
| 2/13/2009 | 362370.1748 | WIRE | $3,206 |
| 2/13/2009 | 362370.1874 | WIRE | $143 |
| 2/13/2009 | 362370.2002 | WIRE | $5,267 |
| 2/13/2009 | 362370.2144 | WIRE | $5,449 |
| 2/13/2009 | 362370.2174 | WIRE | $8,327 |
| 2/13/2009 | 362370.552 | WIRE | $6,412 |
| 2/13/2009 | 362370.714 | WIRE | $32,356 |
| 78 | | | $704,280 |

EXHIBIT 1