REED SMITH LLP
Debra Turetsky, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

-and-

Gregory L. Taddonio, Esq.
Luke A. Sizemore, Esq.
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-7102
Facsimile: (412) 288-3063

*Counsel to Mastech, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: : | |
| : | Chapter 11 |
| BEARINGPOINT, INC. *et al.*, : | |
| : | Case No. 09-10691 (REG) |
| Debtors. : | (Jointly Administered) |
| : | |
| JOHN DeGROOTE SERVICES, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Adv. Proc. No. 10-03271 |
| vs. : | |
| : | |
| iGATE MASTECH, INC., : | |
| : | |
| Defendant. : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF MASTECH, INC.
TO AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Mastech, Inc. ("<u>Mastech</u>" or "<u>Defendant</u>"), improperly identified as iGate

Mastech, Inc., by and through its undersigned counsel, hereby submits its Answer to the

*Amended Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (the "Complaint") filed by Plaintiff, John DeGroote Services, LLC (the "Plaintiff"), and in support thereof states as follows:

## JURISDICTION AND VENUE

1. The allegations contained in paragraph 1 of the Complaint are admitted.

2. The allegations contained in paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this adversary proceeding.

3. The allegations contained in paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue of this adversary proceeding lies with the Court.

4. The allegations contained in paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this adversary proceeding is a core proceeding. Further answering, the remaining allegations do not require a response.

## PARTIES

5. The allegations contained in paragraph 5 of the Complaint are admitted.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint because it lacks sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein.

US_ACTIVE-104167230.2

7. Defendant denies the allegations contained in paragraph 7 of the Complaint because it lacks sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein.

8. The allegations contained in paragraph 8 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint because it lacks sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein.

9. The allegations contained in paragraph 9 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint because it lacks sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. With respect to the allegations contained in paragraph 11 of the Complaint, Defendant admits that it is a corporation organized under the laws of the Commonwealth of Pennsylvania, has a principal place of business at 1000 Commerce Drive, Suite 500, Pittsburgh, Pennsylvania 15275, and it provided services to or for the benefit of the Debtors. Further answering, the remaining allegations do not require a response and to the extent a response is required, such allegations are denied.

## COUNT I: AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

12. With respect to the allegations contained in paragraph 12 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of the Complaint.

13. With respect to the allegations contained in paragraph 13 of the Complaint, Defendant admits that it received the amounts identified as transfers in the Complaint during the ninety (90) days prior to the filing of the bankruptcy petitions by BearingPoint, Inc. (the "Debtor") and its debtor-affiliates (collectively, the "Debtors"). Further answering, Defendant denies that such transfers are avoidable and it denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint because it lacks sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein.

15. The allegations contained in paragraph 15 of the Complaint contain legal conclusions to which no response is required. Specifically, whether Defendant was a "creditor" of the Debtor at the time any transfers were made requires a legal conclusion pursuant to Section 101(10) of the Bankruptcy Code. To the extent a response is required, the allegations contained in paragraph 15 of the Complaint are denied.

16. The allegations contained in paragraph 16 of the Complaint contain legal conclusions to which no response is required. Specifically, whether any transfers were made "on account of an antecedent debt" owed by the Debtor requires a legal conclusion pursuant to Section 547(b)(2) of the Bankruptcy Code. To the extent a response is required, the allegations contained in paragraph 16 of the Complaint are denied

US_ACTIVE-104167230.2

17. The allegations contained in paragraph 17 of the Complaint contain legal conclusions to which no response is required. Specifically, whether any transfers were "made for the benefit of Defendant as a creditor" of the Debtor constitutes a series of legal conclusions pursuant to Sections 101(10) and 547(b)(1) of the Bankruptcy Code. To the extent a response is required, the allegations contained in paragraph 17 of the Complaint are denied.

18. The allegations contained in paragraph 18 of the Complaint contain legal conclusions to which no response is required. Specifically, whether the Debtor was "insolvent" at the time any transfers were made constitutes a series of legal conclusions pursuant to Sections 101(32) and 547(b)(3) of the Bankruptcy Code. To the extent a response is required, the allegations contained in paragraph 18 of the Complaint are denied

19. The allegations contained in paragraph 19 of the Complaint contain a series of legal conclusions pursuant to Sections 547(b)(5)(A)-(C) of the Bankruptcy Code. Accordingly, no response is required.

20. The allegations contained in paragraph 20 of the Complaint contain a series of legal conclusions pursuant to Section 547 and 550 of the Bankruptcy Code. Accordingly, no response is required. Further answering, Defendant denies that any of the transfers referenced in the Complaint are avoidable.

21. The allegations contained in paragraph 21 of the Complaint are admitted. Further answering, Defendant denies that any monies should be returned because none of the transfers referenced in the Complaint are avoidable.

## COUNT II: DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(d)

22. With respect to the allegations contained in paragraph 22 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 21 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint contain a series of legal conclusions pursuant to Sections 547, 502(d), and 550 of the Bankruptcy Code. Accordingly, no response is required. Further answering, Defendant denies that any of the transfers alleged in the Complaint are avoidable.

## PRAYER FOR RELIEF

24. Paragraph 24 of the Complaint, including sub-paragraphs (a) to (f) thereof, constitutes a prayer for relief and contains no factual averments to which a response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to the relief sought therein.

## DENIAL OF ALL ALLEGATIONS NOT EXPRESSLY ADMITTED

25. Each and every allegation in the Complaint that is not expressly admitted above is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

27. Plaintiff failed to effectuate proper service of the Complaint.

## THIRD AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint is barred by the doctrines of estoppel, release, and waiver.

US_ACTIVE-104167230.2

### FOURTH AFFIRMATIVE DEFENSE

29. Plaintiff's Complaint is barred by the doctrines of *res judicata*, collateral estoppel, and law of the case.

### FIFTH AFFIRMATIVE DEFENSE

30. The Debtor was not insolvent at the time the transfers alleged in the Complaint were made.

### SIXTH AFFIRMATIVE DEFENSE

31. The transfers alleged in the Complaint do not constitute preferential transfers as described by title 11 of the United States Code (the "Bankruptcy Code").

### SEVENTH AFFIRMATIVE DEFENSE

32. To the extent transfers (as referenced in the Complaint) were made to the Defendant in connection with an assumed executory contract, such payments do not constitute preferential transfers. See In re Teligent, Inc., 306 B.R. 752, 756 (Bankr. S.D.N.Y. 2004) (It is a "well-settled doctrine that a preference action may not be maintained for payments made in connection with an assumed executory contract."); see also Kiwi Int'l Air Lines, Inc., 344 F.3d 311, 318 (3d Cir. 2003); In re Superior Toy & Mfg. Co., Inc., 78 F.3d 1169, 1172 (7th Cir. 1996).

### EIGHTH AFFIRMATIVE DEFENSE

33. Under 11 U.S.C. § 547(c)(1), to the extent transfers (as referenced in the Complaint) may have been made to the Defendant, such payments were intended by the Debtor and Defendant to be contemporaneous exchanges for new value given to the Debtor, and were in fact, substantially contemporaneous exchanges.

US_ACTIVE-104167230.2

## NINTH AFFIRMATIVE DEFENSE

34. Under 11 U.S.C. § 547(c)(2), to the extent transfers (as referenced in the Complaint) may have been made to the Defendant, such transfers were (a) received by Defendant in payment of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor; (b) made in the ordinary course of business or financial affairs of the Debtor; and (c) made according to ordinary business terms.

## TENTH AFFIRMATIVE DEFENSE

35. To the extent transfers (as referenced in the Complaint) may have been made to the Defendant, Defendant gave new value to the Debtor that was not secured by an otherwise unavoidable security interest, and on account of which, the Debtor did not make otherwise unavoidable transfers to or for the benefit of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

36. To the extent transfers (as referenced in the Complaint) may have been made to the Defendant, such transfers were received by Defendant in good faith and in exchange for fair consideration and value given, including the full or partial satisfaction of a present or antecedent debt, and without the knowledge or intent to hinder, delay, or otherwise create a voidable transfer.

## TWELFTH AFFIRMATIVE DEFENSE

37. To the extent transfers (as referenced in the Complaint) may have been made to the Defendant, Defendant received such transfers in exchange for value, in good faith, and without knowledge of any voidability.

US_ACTIVE-104167230.2

### THIRTEENTH AFFIRMATIVE DEFENSE

38. The claims set forth in the Complaint are barred by the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

39. Defendant reserves all rights of setoff and recoupment, including without limitation, a setoff for any pre-petition and post-petition services provided to the Debtor for which payment has not been made or for any distributions owing to Defendant.

### RESERVATION OF RIGHTS

40. Defendant reserves the right to assert additional defenses based upon further investigation or discovery.

*(The remainder of this page was intentionally left blank.)*

WHEREFORE, Mastech respectfully requests that this Court (i) enter judgment in Mastech's favor, (ii) award attorneys' fees and costs to Mastech, and (iii) grant such other and further relief to Mastech as is just and proper.

Dated: July 30, 2010

Respectfully submitted,

REED SMITH LLP

By: /s/ Debra Turetsky
Debra Turetsky, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

-and-

Gregory L. Taddonio, Esq.
Luke A. Sizemore, Esq.
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-7102
Facsimile: (412) 288-3063

*Counsel to Mastech, Inc.*

REED SMITH LLP
Debra Turetsky, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

-and-

Gregory L. Taddonio, Esq.
Luke A. Sizemore, Esq.
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-7102
Facsimile: (412) 288-3063

*Counsel to Mastech, Inc.*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: : | |
| : | Chapter 11 |
| BEARINGPOINT, INC. et al., : | |
| : | Case No. 09-10691 (REG) |
| Debtors. : | (Jointly Administered) |
| : | |
| : | |
| JOHN DeGROOTE SERVICES, LLC, : | |
| Plaintiff, : | |
| : | Adv. Proc. No. 10-03271 |
| vs. : | |
| : | |
| iGATE MASTECH, INC., : | |
| Defendant. : | |

## CERTIFICATE OF SERVICE

I, Debra Turetsky, Esquire, hereby certify that on July 30, 2010, I caused a true and correct copy of the *Answer and Affirmative Defenses of Mastech, Inc. to the Amended Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* to be served on the following counsel of record via U.S. First Class Mail, postage prepaid:

| | |
|---|---|
| Basil A. Umari, Esq.<br>Nicholas Zugaro, Esq.<br>McKool Smith P.C.<br>600 Travis Street, Suite 7000<br>Houston, Texas 77002 | Peter S. Goodman, Esq.<br>McKool Smith P.C.<br>One Bryant Park, 47th Floor<br>New York, New York 10036 |
| Dated: July 30, 2010 | By: /s/ Debra Turetsky<br>Debra Turetsky, Esq. |